## Holsinger Appeal

*William C. Angel,* for appellant.

*Harry B. Richardson,* for Commonwealth.

SOHN, J., July 25, 1951.—Jack L. Holsinger presented a petition for an appeal from the action of the Department of Revenue in suspending of his motor vehicle operator's privilege. The facts are as follows: On December 13, 1950, Holsinger was driving an automobile in the Borough of Baden, Harmony Township, and the Borough of Ambridge, along Route 88. Traffic was moving at approximately 40 miles an hour. Holsinger drove at approximately 50 miles an hour. The road was icy in spots. Petitioner's automobile did not skid. He passed three or four automobiles. Both the arresting officer and petitioner agree as to these essential facts. If this case were before us on an appeal from a conviction of driving too fast for conditions, we might not, in a hearing de novo, find petitioner guilty. What constitutes driving too fast for conditions is for the finder of the facts: Commonwealth v. Klick,

164 Pa. Superior Court 449. This factual issue is not before the court in this proceeding.

An information was made by the arresting officer before a justice of the peace, charging petitioner with driving too fast for conditions. Petitioner, upon receipt of notice, mailed the amount of fine and costs to the justice of the peace.

The Vehicle Code, as amended by the Act of June 27, 1939, P. L. 1135, sec. 9, 75 PS §192, provides in part as follows:

"(b) The secretary may suspend the operator's license or learner's permit of any person, after a hearing before the secretary or his representative, whenever the secretary finds upon sufficient evidence:

"2. That such person has committed any violation of the motor vehicle laws of this Commonwealth."

Defendant admits that he paid the fine and costs on a charge of driving too fast for conditions. It is therefore established as a fact that petitioner did violate the motor vehicle laws of the Commonwealth. Proof of such violation is sufficient to support an order of suspension. The issue here is not whether the admitted facts constitute driving too fast for conditions, but whether or not there is an adjudication that defendant violated the motor vehicle laws. The conclusion of the secretary that petitioner did violate the motor vehicle laws is supported by the record of payment of fine and costs. Such record is sufficient to support the order of suspension. If the facts support the conclusion reached by the secretary, his action must be affirmed. The evidence before the court supports the conclusion reached by the secretary in relation to a violation of the law. This evidence appears from the record of an adjudication that petitioner has been adjudged to have violated the motor vehicle laws

of the Commonwealth. No appeal was taken from this adjudication.

Petitioner uses his automobile to reach his employment. For this purpose he drives approximately 60 miles each day. This is a matter for the secretary, who, upon cause shown, may issue a limited operator's license for business purposes. We cannot so order, but in view of the technical nature of the violation in this case, we recommend that such privilege be allowed.

### Order

And now, to wit, July 25, 1951, it is ordered, adjudged and decreed that the appeal of Jack L. Holsinger, at the above term and number be, and it is hereby dismissed; costs to be paid by petitioner.